# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| STEVE CONLEY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 07-0864-CV-W-FJG |
| ) | |
| LARRY DENNEY, et al., ) | |
| ) | |
| Respondents. ) | |

## ORDER

Pending before the Court is Petitioner Steve Conley, Jr.'s (1) Motion to Stay (Doc. No. 4); and (2) Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 by a Person in State Custody (Doc. No. 1). This Court finds it has jurisdiction over this matter.

**I. BACKGROUND.**

As stated by the Missouri Court of Appeals in its Order affirming Petitioner's conviction (see Doc. No. 6, Ex. E, pp. 2-3), the facts in this matter are as follows:

> Around 9:45 p.m. on February 25, 1998, Michael Ferguson was returning home to his apartment. As Ferguson was exiting his car, Conley pointed a handgun at him and asked for his money and jacket. After Conley ran off, Ferguson called the police. Ferguson described Conley as a young black man, in his mid twenties or younger, about 5'8" to 5'9", and very skinny. Ferguson told the police that he was positive he could identify the assailant if he saw him again.
>
> A second robbery occurred about two months later at the same apartment complex. At 9:20 p.m., Traci Crumley parked her car, and as she walked to her apartment, she was stopped by Conley with a handgun. He walked her up a flight of stairs by nudging her in the back with the handgun. At the top, Conley took her purse and told her to give him her wallet. When she no longer felt the gun in her back, she turned around to see Conley standing behind her in the stairwell. Crumley then went inside her apartment and called the police. When the police arrived, Crumley described Conley as a black male in his late teens or early twenties, about 5'9", very skinny, and wearing a black or blue hooded jacket or sweatshirt.

> Around 9:30 that evening, the police encountered three individuals two or three blocks from Crumley's apartment. One of those individuals matched Crumley's description of Conley. While arresting Conley, the officers found [a] handgun on the ground by him. At the time of his arrest, Conley was 5' 7" and weighed 130 pounds. Shortly thereafter, Crumley went to the police station where she viewed a photo lineup assembled by the police. From that photo lineup, Crumley identified Conley as the man who robbed her. After the lineup, an officer showed Crumley the handgun found near Conley at the time of his arrest, which she said looked like the handgun the robber had used. Conley later admitted the gun was his and that he had dropped it when arrested.
>
> A couple of months after Conley was arrested for robbing Crumley, the police noted the similarity between the facts, circumstances, and victim descriptions in both the robbery of Crumley and Ferguson. The police then constructed a different photo lineup and contacted Ferguson. Ferguson subsequently identified Conley in the photo lineup presented to him.

Petitioner was convicted after a bench trial for two counts of first-degree robbery, RSMo. § 569.020, and two counts of armed criminal action, RSMo. § 571.015. Petitioner was sentenced to ten years on each robbery count and five years on each armed criminal action count; the trial judge ran the sentences so that petitioner would serve a total of fifteen years. Petitioner's convictions and sentences were affirmed by the Missouri Court of Appeals by Order dated January 25, 2005 (see Doc. No. 6, Ex. E). Petitioner then filed a timely amended post-conviction relief motion; the motion court denied relief after an evidentiary hearing (see Doc. No. 6, Ex. G). On January 30, 2007, the Missouri Court of Appeals denied petitioner's appeal of the denial of his Rule 29.15 post-conviction relief motion (see Doc. No. 6, Ex. J).

## II. MOTION TO STAY

Petitioner moves for a stay and abeyance of the Section 2254 proceedings in this Court, stating that he is in the process of exhausting all of his unexhausted post-conviction

relief claims in a Missouri Supreme Court Rule 91 habeas corpus appeal.[1] See Doc. No. 4. Respondent opposes this motion, noting that the Supreme Court held in Rhines v. Weber, 544 U.S. 269, 278 (2005) that a stay would be appropriate only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Respondent states that the unexhausted claims in this action (claims thirteen through twenty-four) are plainly meritless, and petitioner cannot overcome his default of these claims through filing a state habeas petition. See Doc. No. 7. Petitioner replies that petitioner ought to be able to present his free-standing actual innocence claim (claim number one) in state court, and that the court should not rule on the merits of claims thirteen through twenty-four until petitioner's free-standing actual innocence claim has been fully litigated in the Missouri Courts. See Doc. No. 15.

Upon review of the motion to stay, the Court finds that petitioner has not demonstrated good cause for his failure to exhaust claims thirteen through twenty-four. The factual bases for all of these claims were known by petitioner at the time of the filing of his 29.15 motion. Further, the grounds for petitioner's free-standing actual innocence claim were known to petitioner at the time of his trial. A stay of this matter pending state court review is inappropriate given (1) the lack of good cause for failure to exhaust state court remedies, and (2) the lack of merit in petitioner's unexhausted claims. Petitioner's motion (Doc. No. 4) is **DENIED.**

### III.  PETITION FOR WRIT OF HABEAS CORPUS

**A. Standard of Review.**

This Court will "entertain an application for a writ of habeas corpus on behalf of a

---

[1]Notably, both the Circuit Court of DeKalb County and the Missouri Court of Appeals, Western District have been presented with petitioner's unexhausted claims, and both have summarily denied petitioner a writ of habeas corpus. See Exhibits 1 and 2 to Doc. No. 15.

3

person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). An application for writ of habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "In conducting a habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). Accordingly, "'[a] federal court may not re-examine a state court's interpretation and application of state law.'" McDonald v. Bowersox, 101 F.3d 588, 592 (8th Cir. 1996) (quoting Schleeper v. Groose, 36 F.3d 735, 737 (8th Cir. 1994)). Pursuant to 28 U.S.C. § 2254(e)(1), in habeas proceedings, the Court presumes state court findings of fact are correct unless the petitioner establishes, the respondent admits, or the record shows otherwise. Additionally, the petitioner may produce evidence that convincingly establishes that the state court's findings were erroneous. McDonald, 101 F.3d at 592 (citing Thompson v. Keohane, – U.S. –, 116 S. Ct. 457, 463-64 (1995)).

**B. Discussion.**

Petitioner asserts twenty-four grounds upon which he alleges he is being illegally incarcerated: (1) Actual Innocence; (2) Improper joinder of counts charged/failure to sever counts; (3) Improper admission of identification testimony in light of impermissibly suggestive photo line-up; (4) Ineffective assistance of trial counsel - failure to fully advise defendant of right to trial by jury; (5) Ineffective assistance of trial counsel - improperly suggesting to defendant that by waiving rights to a jury trial he would receive probation; (6) Ineffective assistance of trial counsel - failure to obtain recording or transcript of Tracy Crumley's telephone message; (7) Ineffective assistance of trial counsel - failure to obtain the firearm of Michael Hardin; (8) Ineffective assistance of trial counsel - failure to obtain

4

phone records of Michael Hardin; (9) Ineffective assistance of trial counsel - failure to obtain a photo of Michael Hardin; (10) Ineffective assistance of trial counsel - failure to subpoena Richard Hardin; (11) Ineffective assistance of trial counsel - failure to subpoena James Johnson; (12) Ineffective assistance of trial counsel - failure to subpoena Renee Williamson; (13) Ineffective assistance of trial counsel - failure to adequately speak with Steve Conley Sr. prior to trial; (14) Ineffective assistance of trial counsel - failure to consult Tiffanie Conley prior to her testimony at trial; (15) Ineffective assistance of trial counsel - failure to adequately cross-examine victim regarding amounts of money; (16) Ineffective assistance of trial counsel - telling defendant he was guilty and failing to defend the defendant to the best of his ability; (17) Ineffective assistance of trial counsel - failure to cross-examine victim regarding her description of defendant; (18) Ineffective assistance of trial counsel - failure to conduct reasonable investigation of Grandview police officers; (19) Ineffective assistance of trial counsel - failure to conduct investigation into victim's mental problems; (20) Ineffective assistance of trial counsel - failure to cross examine victim regarding changes to her story; (21) Prosecutorial misconduct - allowing the robbery victims to lie at trial about the identity of the defendant; (22) Ineffective assistance of trial counsel - failure to investigate and interview Michael Hardin; (23) Ineffective assistance of trial counsel - failure to obtain transcript of Michael Hardin's murder case where Hardin purportedly confessed to the robbery; (24) Ineffective assistance of trial counsel - failure to conduct a reasonable investigation of the second robbery victim. Each ground for relief will be examined below.

**1.     Claim 1 - Actual innocence**

Respondent notes that the Supreme Court has explicitly held that "claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400, 411 (1993).

See also Burton v. Dormire, 295 F.3d 839, 848 (8th Cir. 2002)(finding free-standing claims of actual innocence not cognizable in federal habeas corpus proceedings). Petitioner's first claim for relief is **DENIED.**

2. **Claim 2 - Improper joinder of counts charged/failure to sever counts**

Petitioner asserts that the trial court improperly joined the two robbery counts, and then improperly refused to sever them. The Eighth Circuit has held that in order "to obtain habeas relief for failure to sever, [a petitioner] must show that 'the failure to grant severance rendered the trial "fundamentally unfair."'" Wharton-El v. Nix, 38 F.3d 372, 374 (8th Cir. 1994), quoting Hollins v. Department of Corrections, 969 F.2d 606, 608 (8th Cir. 1992).

The Missouri Court of Appeals found that the evidence relating to each crime was distinct, and the trial court (which heard the case without a jury) was presumed not to have been confused by the multiple counts. See Doc. No. 6, Ex. E at 5. Respondent asserts that a trial judge would not confuse the two simple crimes at issue here, both of which relied on eyewitness identification.

Petitioner argues in his reply that failing to sever the claims denied him his right to a fundamentally fair trial. Petitioner argues that each separate case was weak, but that packaging the cases together allowed the state to bolster each case with inadmissible propensity evidence. Petitioner also states that it is a legal fiction that judges are able to ignore evidence for some purposes but not for other purposes.

After considering the parties briefs and the record below, the Court is unable to conclude that the failure to sever the claims rendered petitioner's bench trial fundamentally unfair. The state's evidence in both robberies was not as weak as petitioner suggests; separate eyewitnesses identified petitioner in separate line-ups. Furthermore, petitioner has set forth nothing demonstrating that the trial court actually used the evidence from one case as inadmissible propensity evidence in the second case. The Missouri Court of

6

Appeals' decision as to this issue decision was not contrary to or an unreasonable application of clearly established federal law. Petitioner's second ground for relief is **DENIED**.

3.  **Claim 3 - Improper admission of identification testimony in light of impermissibly suggestive photo line-up**

Petitioner argues that the line-ups presented to both victims in this matter were impermissibly suggestive. On his direct appeal, petitioner asserted this was so because (1) he was the only person in both line-ups without facial hair; (2) the other persons in the line-up presented to Fergusen were ten to twenty years older than Conley; (3) a detective told Ferguson that a suspect was in the line-up; and (4) in the line-up presented to Crumley, petitioner was not dressed in the same way as Crumley described her attacker. See Doc. No. 6, Ex. E at 5-6.

The Missouri Court of Appeals denied all these arguments (see Doc. No. 6, Ex. E at 6-8). The United States Supreme Court has held that

> convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.

Simmons v. United States, 390 U.S. 377, 384 (1968); Palmer v. Clarke, 408 F.3d 423, 435 (8th Cir. 2005). See also State v. Hornbuckle, 769 S.W.2d 89, 93 (Mo. banc 1989)(same). The Court of Appeals found (1) due to the fact that men can change their appearance in a short time by growing or shaving facial hair, the appearance of facial hair did not make the line-up unduly suggestive (Doc. No. 6, Ex. E at 6-7); (2) as Ferguson told the police that he believed his attacker was about his age (27), the police tried to find persons in their late twenties or early thirties for the line-up, and although those persons would have been ten years or more older than the seventeen-year-old Conley, this was reasonable (see Doc. No. 6, Ex. E at 7); (3) telling a victim that a suspect was in the line-up is not impermissibly suggestive, given that the point of using line-ups is to identify suspects (Doc. No. 6, Ex. E

7

at 8); and (4) wearing different clothes in the line-up is not an indication of suggestiveness (id.).

The Court finds the Missouri Court of Appeals' decision was not contrary to, or an unreasonable application of, clearly established Federal Law. As noted by the Eighth Circuit, "reasonable variations in hair length and facial hair are not impermissibly suggestive, especially as they can vary on any given person at different times." Schawitsch v. Burt, 491 F.3d 798, 803 (8th Cir. 2007). Further, given victim Ferguson's description of the robber as being approximately the same age as Ferguson, it was not impermissibly suggestive to use photographs of persons in their late twenties and early thirties in the line-up. Finally, petitioner's third and fourth arguments (that it was impermissibly suggestive to state that a suspect was in the line-up and that petitioner ought to have been wearing the same clothing that the victim reported the suspect to be wearing) are meritless for the reasons stated by respondent. Petitioner's third claim for relief will be **DENIED.**

**4.     Claims 4 and 5 - Ineffective assistance of trial counsel - failure to fully advise defendant of right to trial by jury and suggesting the petitioner would receive probation for waiving that right**

Petitioner suggests that trial counsel was ineffective in failing to fully advise petitioner of his right to trial by jury and for suggesting that petitioner would receive probation for waiving that right. Respondent notes that the Missouri Court of Appeals rejected these claims as refuted by the record. Doc. No. 6, Ex. J at 3 - 5. Respondent further notes that the trial transcript shows that the trial court discussed the right to trial by jury with petitioner before petitioner waived that right. Doc. No. 6, Ex. A at 68-69, 81-82. Additionally, the trial court explicitly told petitioner that there was no assurance of probation. Id. at 76.

To establish a claim for relief based upon ineffective assistance of counsel, petitioner must show that counsel failed to exercise the skill and diligence that a reasonably competent attorney would have exercised under similar circumstances. Thomas v.

8

Lockhart, 738 F.2d 304, 307 (8th Cir. 1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). Petitioner must also demonstrate that he was prejudiced by the alleged incompetence of counsel by showing the existence of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

In this instance, given the trial court's discussion with petitioner on the record, petitioner cannot demonstrate Strickland prejudice, that is, a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Missouri Court of Appeals' decision as to this issue decision was not contrary to or an unreasonable application of clearly established federal law. Petitioner's fourth and fifth grounds for relief will be **DENIED.**

5.  **Claims 6, 8, 10, 11, and 12 - Ineffective assistance of trial counsel - failure to obtain and/or produce alibi defense evidence from Richard Hardin, James Johnson, Renee Williamson, Michael Hardin's telephone records, and Tracy Crumley's telephone message**

Petitioner claims he received ineffective assistance of counsel for the failure of counsel to present evidence to support an alibi defense. The Missouri Court of Appeals rejected all of these claims, finding that petitioner failed to present the testimony of Johnson and Williamson in the Rule 29.15 evidentiary hearing and failed to show that counsel could have located either of these witnesses through a reasonable investigation. See Doc. No. 6, Ex. J at 7. The Court of Appeals further found that the State and petitioner stipulated to the admission of Richard Hardin's statement to the police. Id. The Court of Appeals held, with respect to the phone records and phone message, petitioner had failed to show that counsel could have obtained them through reasonable investigation. Id. at 8. The Court of Appeals further held that providing the trial court with the possible identity of the caller

9

would not have undermined confidence in the outcome, because the trial court was already aware that someone other than petitioner had left the message on the victim's answering machine and still found petitioner guilty of the crime. Id.

To establish a claim for relief based upon ineffective assistance of counsel, petitioner must show that counsel failed to exercise the skill and diligence that a reasonably competent attorney would have exercised under similar circumstances. Thomas v. Lockhart, 738 F.2d 304, 307 (8th Cir. 1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). Petitioner must also demonstrate that he was prejudiced by the alleged incompetence of counsel by showing the existence of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Here, the Court agrees that the Missouri Court of Appeals reasonably identified and applied Strickland to the facts of this case. Petitioner failed to produce evidence in the state proceeding that would demonstrate what proposed witnesses Johnson and Williamson would have testified to, and failed to provide evidence as to what Richard Hardin would have stated that was not already admitted as evidence at trial. Further, petitioner failed to make a showing in the state court that counsel could have obtained the phone records and what the contents of those records would have been. The Court agrees with respondent that petitioner's failure to provide the state court with facts supporting his claim is a fatal defect. See Strickland, 466 U.S. at 687. Therefore, petitioner's sixth, eighth, tenth, eleventh, and twelfth claims for relief will be **DENIED.**

**6.     Claims 7 and 9 - Ineffective assistance of trial counsel - failure to obtain photographs of Michael Hardin and his gun**

Petitioner argues that trial counsel was ineffective in failing to obtain photographs of Michael Hardin and his gun. As discussed by respondent, the Missouri Court of Appeals

10

rejected these claims, finding that trial counsel tried to obtain a photograph of Hardin but decided not to present one because the victims did not waiver in the identifications of petitioner. Doc. No. 6, Ex. J at 9. Additionally the Court of Appeals held that the victims' identification of petitioner was "strong." Id.

To establish a claim for relief based upon ineffective assistance of counsel, petitioner must show that counsel failed to exercise the skill and diligence that a reasonably competent attorney would have exercised under similar circumstances. Thomas v. Lockhart, 738 F.2d 304, 307 (8th Cir. 1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689 (1984). Petitioner must also demonstrate that he was prejudiced by the alleged incompetence of counsel by showing the existence of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

The Court agrees with respondent and the Court of Appeals that trial counsel's decision not to present a photograph of Hardin and his gun was reasonable trial strategy. Petitioner argues in reply that, "The question whether Crumley was correct in her identification of Petitioner was one for the trier of fact, not Crumley. There is a reasonable probability that had counsel produced photographs of Hardin and Hardin's gun the trial court would have struck a different balance and found Crumley's identification of petitioner to be suspect." However, the Court cannot understand how production of the referenced photographs would have affected the trial court's decision at all, as the victim Crumley had already seen a picture of Hardin and stated that he was not her attacker (see Doc. No. 6, Ex. A at 300). As noted by the 29.15 motion court, "Merely showing a firearm and picture of another individual does not amount to an improvement in the defense." See Doc. No. 6, Ex. G at 49. Petitioner cannot demonstrate Strickland prejudice in this matter. Thus,

11

petitioner's seventh and ninth claims will be **DENIED.**

**7.      Claims 13 and 14**

Petitioner's claims 13 and 14 (ineffective assistance of trial counsel for failure to adequately speak with Steve Conley Sr. and Tiffanie Conley prior to trial) were raised in petitioner's amended Rule 29.15 motion, but were not raised in petitioner's appeal from the denial of his Rule 29.15 motion.  As discussed by respondent, abandonment of claims on appeal constitutes procedural default.  See Sweet v. Delo, 125 F.3d 1144, 1150 (8th Cir. 1997).  Petitioner has not demonstrated cause and prejudice or manifest injustice sufficient to overcome his defaults.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Further, for petitioner's actual innocence claims to be cognizable and thus overcome the procedural default, petitioner must present new reliable evidence that was not available at trial.  See Amrine v. Bowersox, 128 F.3d 1222, 1227 (8th Cir. 1997) (en banc); Nance v. Norris, 392 F.3d 284, 291 (8th Cir. 2004).  Petitioner has presented no evidence that was unavailable to him at the time of trial.  Petitioner's thirteenth and fourteenth claims for relief will be **DENIED.**

**8.      Claims 15 through 24**

Petitioner's claims 15 through 24 (a variety of ineffective assistance of counsel claims, as well as one claim for prosecutorial misconduct) were never presented to the Missouri courts in petitioner's direct appeal or in his post-conviction proceedings.  Failure to present these claims to the state of Missouri constitutes a procedural default.  Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997).  Petitioner has not demonstrated cause and prejudice or manifest injustice sufficient to overcome his defaults.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Further, for petitioner's actual innocence claims to be cognizable and thus overcome the procedural default, petitioner must present new reliable evidence that was not available at trial.  See Amrine v. Bowersox, 128 F.3d 1222, 1227 (8th Cir. 1997) (en banc); Nance v. Norris, 392 F.3d 284, 291 (8th Cir. 2004).

12

Case 4:07-cv-00864-FJG   Document 17   Filed 07/30/08   Page 12 of 13

Petitioner has presented no evidence that was unavailable to him at the time of trial. Therefore, petitioners fifteenth through twenty-fourth claims for relief will be **DENIED.**

## IV. CONCLUSION

Accordingly, for the above stated reasons, it is hereby **ORDERED** that (1) Petitioner's motion to stay (Doc. No. 4) is **DENIED**, and (2) Petitioner's Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DENIED.**

Date: 7/30/08  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge